LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
Telephone: (808) 543-2055
Fax: 543-2010

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ED MUEGGE | ) | CIVIL NO. |
| | ) | |
| Plaintiff, | ) | COMPLAINT; |
| | ) | EX.A; |
| vs. | ) | SUMMONS |
| | ) | |
| | ) | |
| COUNTY OF HAWAII | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |

**COMPLAINT**

Plaintiff ED MUEGGE, through his undersigned counsel, avers and alleges as follows:

JURISDICTION AND VENUE

1. This court has original jurisdiction pursuant to 28 U.S.C. § 1331 through the federal question raised herein, namely the alleged violations of Title II of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12131 et seq. (hereinafter "ADA"), and § 504 of the Rehabilitation Act of 1973 as amended, 29 U.S.C.

§794(a) (hereinafter § 504).  This court also has pendant jurisdiction over the parallel state law claims.

2.  All events material hereto occurred within the District of Hawaii.

3.  The plaintiff is a qualified person with a disability using a powered mobility device who has been, is and is about to be subjected to unlawful discrimination by the defendant COUNTY OF HAWAII.  The plaintiff knows persons whom he has visited and will visit on the Island of Hawaii.  When he is on the Island of Hawaii, however, he does not have equal access to the COUNTY OF HAWAII's public transit because of his disability.  He has been, is, and will be denied the full benefit from the COUNTY OF HAWAII's public transit program because its policies and services are not equally usable by a person with a disability like him.

4. Defendant COUNTY OF HAWAII exists as a municipality within the State of Hawaii that provides transportation services and is a public entity receiving a substantial amount of federal monies.  Thus defendant COUNTY OF HAWAII falls under the ambit of 42 U.S.C. §§ 12131 et seq., 29 U.S.C. 794(a), and/or Hawaii Revised Statutes § 347-13, § 489-3, and § 489-5.  Defendant COUNTY OF HAWAII is amenable to suit by any aggrieved person with a disability, including the plaintiff, for violation of any or all of those statutes.

COUNT ONE [42 U.S.C. §12132/29 U.S.C. § 794(a)/HRS § 347-13]

5. The defendant has violated 42 U.S.C. §12132, 42 U.S.C. § 12143(a), 29 U.S.C. §794(a), and Hawaii Revised Statute § 347-13 by denying the plaintiff equal accommodation to its public transit program and not complying with the ADA, § 504 and Hawaii Revised Statute § 347-13, by having failed to provide paratransit and other special transportation services sufficient to provide the plaintiff a level of transportation service comparable to the level of transportation

service provided persons without disabilities.  Defendant COUNTY OF HAWAII's violations have been, are, and will continue to be done with deliberate indifference to the plaintiff's rights and privileges.  As a direct and proximate cause of the defendant's violations of the above-cited statutes, the plaintiff has sustained injuries for which he is entitled to full compensation and other relief to be shown in nature and amount at trial.

## COUNT TWO [HRS § 489-3]

6.  Plaintiff repeats and incorporates all preceding paragraphs herein.

7. Defendant COUNTY OF HAWAII operates a system of transportation offered to the public.

8. Defendant COUNTY OF HAWAII's system of transportation denies the plaintiff the full and equal enjoyment of its system on the basis of his disability by having discriminatory policies and practices.

9. Defendant COUNTY OF HAWAII's system of transportation denies the plaintiff the full and equal enjoyment of its system on the basis of his disability by maintaining policies and procedures that do not give reciprocity to the plaintiff's status as a person with a disability for purposes of public transit conferred by the County of Maui, including his eligibility for paratransit services.  Defendant COUNTY OF HAWAII's discriminatory policies include subsidizing certain persons special transportation needs through use of private taxis but not providing similar assistance to persons who use wheelchairs and mobility devices.

10.  As a direct and proximate cause of the defendant's violation of Hawaii Revised Statute § 489-3 the plaintiff has sustained injuries to be shown at trial for which he is entitled to full compensation, trebled by Hawaii Revised Statute § 489-7.5.

COUNT THREE [42 U.S.C. § 12203(a)/HRS § 489-5(a)(1)]

11. Plaintiff repeats and incorporates all preceding paragraphs herein.

12. The plaintiff opposed the defendant's failure to provide paratransit comparable to the level of service by writing a letter of protest to defendant COUNTY OF HAWAII, attached hereto as Ex. A.

13. Defendant COUNTY OF HAWAII retaliated against the plaintiff by refusing to correct its blatantly illegal policy regarding paratransit, thereby subjecting him to present and continuing discrimination.

14. As a direct and proximate cause of the defendant's violations of 42 U.S.C. § 12203(a) and/or Hawaii Revised Statute § 489-5 the plaintiff has sustained injuries for which he is entitled to full compensation, trebled by Hawaii Revised Statute § 489-7.5.

THEREFORE, THE PLAINTIFF RESPECTFULLY REQUESTS THE COURT enter judgment for the plaintiff and against the defendant and order the following relief:

A) A permanent injunction ordering the defendant's full compliance with the ADA and § 504 within one hundred eighty (180) days by implementing a paratransit program and service sufficient to be comparable to its fixed route service;

B) Compensatory damages, trebled by H.R.S. § 489-7.5; and

C) Payment of plaintiff's costs, including experts' and attorney's fees.

DATED: Honolulu, Hawaii, 1/1/14.

_____
LUNSFORD DOLE PHILLIPS
Attorney for Plaintiff